COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-147-CR

 

 

 

ALISHA JUAN BETTIS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------








Appellant Alisha Juan Bettis
entered an open plea of guilty to the offense of theft of property in an amount
less than $1,500; the trial court conducted a punishment hearing and sentenced
her to one years= confinement
in a state jail facility.  In her
sole point on appeal, Bettis contends that the trial court abused its
discretion during the punishment hearing by considering and questioning her
about an affidavit of indigence that she completed while in police custody in
order to obtain court-appointed counsel. 
Specifically, Bettis contends that the written questions posed in the
indigence form constituted an in-custody interrogation conducted in violation
of the Fifth and Fourteenth Amendments to the United States Constitution and
Article 38.22 of the Texas Code of Criminal Procedure.  








But, during the punishment
hearing, Bettis did not object to the trial court=s consideration of the affidavit of indigence or the questions posed
to her regarding the affidavit.  Nor did
Bettis file any type of motion seeking to suppress the answers she provided in
the affidavit.  To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999); see also generally Davis v. State,
Nos. 02-05-00094-CR, 02-05-00106-CR, 2006 WL 413148, at *1-2 (Tex. App.CFort Worth Feb.
23, 2006, no pet.) (mem. op.) (not designated for publication).  Because Bettis, who was represented by
counsel, did not object to the trial court=s consideration of
the affidavit of indigence or to the trial court=s questions in
regard to the affidavit, the present allegations that the affidavit and the
trial court=s consideration of it violated her Fifth
and Fourteenth Amendment rights and Article
38.22 of the Texas Code of Criminal Procedure are not properly before us.  See Davis, 2006 WL 413148, at *2;
Esparza v. State, No. 11-00-00175-CR, 2001 WL 34373316, at *1 (Tex. App.CEastland June 7, 2001, no pet.) (not designated for publication).

Additionally, the State
alternatively asserts in its briefCand we agreeCthat the
type of information sought from Bettis in the affidavit of indigence did not
constitute a custodial interrogation.  See
Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689 (1980)
(defining interrogation as words or conduct by the police that they should know
are reasonably likely to elicit an incriminating response).  Police questioning to obtain basic
identifying, biographical data necessary to complete booking or pretrial
services is not generally considered Acustodial interrogation@ that will trigger Miranda. 
See, e.g., United States v. Gotchis, 803 F.2d 74, 79 (2d Cir.
1986).

We overrule Bettis=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F: WALKER, DAUPHINOT and
HOLMAN, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: February 8, 2007











[1]See Tex. R. App. P. 47.4.